**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1757
_____

UNITED STATES OF AMERICA

v.

RAHEEM BROWN,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2:12-cr-00272-001)
District Judge:  Honorable Christy Criswell Wiegand

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 8, 2025
Before: BIBAS, PORTER, and MONTGOMERY REEVES, Circuit Judges

(Opinion filed: May 14, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Raheem Brown appeals pro se from the District Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a timely motion for summary affirmance. We will affirm.

In 2012, Brown was indicted in the District Court on the following charges: (1) possession with intent to distribute heroin; (2) possession of a firearm in furtherance of a drug trafficking crime; and (3) possession of a firearm by a convicted felon. He subsequently entered into a plea agreement with the Government, agreeing to plead guilty to Counts 1 and 2 in exchange for the Government's dismissal of Count 3. The District Court accepted his guilty plea. At sentencing, the District Court determined that Brown qualified as a career offender under the advisory Sentencing Guidelines, and that his applicable Guidelines range was 262 to 327 months in prison. However, the parties jointly recommended (as part of the plea agreement) a prison sentence of only 180 months, and the District Court adopted that recommendation. Brown did not appeal. He later filed a motion under 28 U.S.C. § 2255. The District Court denied the motion and we later denied his request for a certificate of appealability.

Brown has since filed several motions for compassionate release, all of which have been denied by the District Court. In this most recent one, he repeats claims from those previous motions and asserts that those claims, coupled with a new claim regarding the Bureau of Prisons' substandard treatment of his ongoing heart conditions, constitute extraordinary and compelling reasons for his release. The District Court denied the motion, reasoning that even if Brown had established extraordinary and compelling reasons for compassionate release, the sentencing factors under 18 U.S.C. § 3553(a)

2

counseled against granting the motion. Brown timely appealed, and the Government has moved for summary affirmance.

We have appellate jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a district court's order denying a motion for compassionate release, including its determination that the sentencing factors under § 3553(a) do not weigh in favor of granting compassionate release. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (cleaned up). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The compassionate-release provision states that a district court may reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to protect the public from future crimes by the defendant, and the kinds of sentences available. See id. § 3553(a). Compassionate release is discretionary, not mandatory. Therefore, even if a defendant is eligible, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent

3

with the § 3553(a) factors. See Pawlowski, 967 F.3d at 330.

We discern no abuse of discretion in the District Court's conclusion that the § 3553(a) factors weighed against a grant of compassionate release.[1] The District Court appropriately considered Brown's "prior convictions that qualified him as a career offender," that his "lengthy criminal history . . . creates a very serious risk of danger to the community," that his current convictions "involved drug trafficking, possession of 65 grams of heroin, and possession of three firearms," and that his plea agreement allowed him to avoid far lengthier mandatory minimum sentences. ECF No. 161 at 3. We therefore do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Pawlowski, 967 F.3d at 330 (citation omitted).

Because this appeal does not present a substantial question, we grant the Government's motion and will summarily affirm the District Court's judgment. t.[2]

---

[1] Based on this conclusion, we need not decide whether Brown demonstrated "extraordinary and compelling reasons" for his release.

[2] Brown's pending motions are denied.

4